IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:07-CR-53-001 |
| | § | |
| JEROME MACK SMITH, JR. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 26, 2007, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Jerome Mack Smith. The government was represented by Greg Marchessault, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Federal Public Defender Wayne Dickey.

Defendant originally pleaded guilty to the offense of Conspiracy to Commit Wire Fraud, a Class D felony. The offense carried a statutory maximum imprisonment term of 5 years. The United States Sentencing Guideline range, based on a total offense level of 16 and a criminal history category of V, was 41 to 51 months. On September 22, 2003, U.S. District Judge Ed Kinkeade sentenced Defendant to 45 months imprisonment followed by a term of three years supervised release, subject to the standard conditions of release, plus special conditions to include drug treatment and restitution. On December 20, 2006, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime, excessive use of alcohol, and purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. As special conditions of supervision,

Defendant was required, among other things, to abstain from the use of alcohol and/or all other intoxicants while participating in a program of substance use and abuse treatment; and to pay restitution of $116,619, payable in monthly payments of $100.00. In its petition, the government alleges that Defendant violated his conditions of supervised release by submitting urine specimens which tested positive for cocaine on May 18, 2007, and May 24, 2007; by consuming alcohol on February 14, 2007; and by failing to pay restitution for the months of February 2007 and March 2007.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than two years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(b) of the Sentencing Guidelines indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by possessing a controlled substance, in that he submitted urine specimens that tested positive for cocaine on two occasions, would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade B violation is 18 to 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating a standard condition of supervision by possessing a controlled substance in that he submitted urine specimens that tested positive for cocaine; and plead true to violating special conditions of supervision by consuming alcohol on February 14, 2007,

2

and by failing to pay restitution for the months of February 2007 and March 2007.  In exchange, the government agreed to recommend that Defendant serve 18 months in prison with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court RECOMMENDS that Defendant, Jerome Mack Smith, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 18 months with no supervised release to follow.

The Court further RECOMMENDS that Defendant be incarcerated at a facility in or near Richmond, Virginia.

The Court further RECOMMENDS that Defendant be ordered to pay restitution in the amount of $113,874.00 to Wachovia.  The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P. O. Box 570, Tyler, Texas 75710.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Michael H. Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 28th day of June, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE